UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

In the Matter of

Damon M. D'Ambrosio, Esquire
(Application for Reinstatement)                Misc. No. 06-96T

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court on the Application of Damon M. D'Ambrosio, Esquire for reinstatement as a member of the bar of this Court. Pursuant to L.R. Gen. 215(b)(2), the undersigned was designated on November 9, 2006 to investigate the Application and to make a recommendation to the District Judges of this Court as to Attorney D'Ambrosio's reinstatement.

A hearing was held on December 4, 2006. Based on the statements made by Attorney D'Ambrosio at the hearing and a review of the record, I recommend that Attorney D'Ambrosio's application for reinstatement to the bar of this Court be GRANTED.

### Background

Pursuant to L.R. Gen. 203(c)(1), all members of the bar of this Court were required to register by March 31, 2006. In order to register, members were required to submit a completed registration form and a $15.00 payment to the Clerk's Office. On or about January 20, 2006, a public notice regarding the attorney registration requirement was issued and a copy of such notice and the registration form was mailed directly to all current members of this Court's bar including Attorney D'Ambrosio.

Attorney D'Ambrosio did not register by March 31, 2006, or by the end of the sixty-day grace period, i.e., May 31, 2006. See L.R. Gen. 203(e). On May 30, 2006, this Court's Chief Deputy Clerk telephoned Attorney D'Ambrosio's office and left a message on his voice mail reminding him about the impending registration deadline. Attorney D'Ambrosio did not respond even though he had at least one open criminal matter pending in this Court.

On June 16, 2006, Attorney D'Ambrosio appeared before Chief Judge Torres for sentencing in United States v. Cornelio Ozorio, CR No. 05-137-03T. Although Attorney D'Ambrosio had failed to register, Chief Judge Torres allowed him to participate in the sentencing. However, Chief Judge Torres personally spoke with Attorney D'Ambrosio after the hearing about the need for him to register and, on June 16, 2006, issued a formal order to show cause why he should not be suspended for failing to register. Again, Attorney D'Ambrosio did not register and he was administratively suspended from membership in the bar of this Court on July 10, 2006. The First Circuit followed suit on July 21, 2006.

Attorney D'Ambrosio did nothing until October 18, 2006. On that date, he filed applications for reinstatement in this Court and the First Circuit. He also submitted his completed Attorney Registration Form to this Court and tendered payment of $55.00 (the $15.00 registration fee and $40.00 late fee).

## Discussion

At the hearing, Attorney D'Ambrosio expressed sincere regret, took full responsibility for the course of events and threw himself at the "mercy of the Court." Attorney D'Ambrosio essentially offered no excuse for his initial failure to register in a timely fashion. When asked why he did not immediately register after being personally advised to do so by Chief Judge Torres on

June 16, 2006, Attorney D'Ambrosio indicated that he had reservations about continuing to practice in this Court due to his infrequent appearances in recent years and concerns regarding compliance with the new electronic case filing requirements. A review of the Court's docket confirms that Attorney D'Ambrosio's practice in this Court has significantly decreased in recent years. He handled only two civil cases and one criminal case which commenced in 2004, and only three criminal cases which commenced in 2005. He handled no cases commenced in either 2006, 2003, 2002 and 2000, and only one criminal case which commenced in 2001. Given Attorney D'Ambrosio's decreased federal court case load, his representation that he did not immediately register because he contemplated discontinuing his federal court practice is credible. At the time, Attorney D'Ambrosio had no active cases pending in this Court. Thus, I conclude that Attorney D'Ambrosio's initial failure to register was a result of inattentiveness and carelessness. I also conclude that his failure to register after the June 16, 2006 sentencing was not intended as an affront to Chief Judge Torres or this Court but was the result of a good faith consideration by Attorney D'Ambrosio as to whether or not he wanted to continue a federal court practice.

Attorney D'Ambrosio also indicated that he did not understand at the time that his administrative suspension in this Court would ultimately delay the argument of his fully briefed appeals in United States v. Javier, No. 06-1099 (1st Cir. 2006), and United States v. Hall, No. 06-1518 (1st Cir. 2006). Again, his actions indicate a lack of attentiveness to the Court's rules but not any deliberate misconduct or unethical behavior.

At the end of the hearing, this Court advised Attorney D'Ambrosio of the importance of being familiar and complying with this Court's rules. Attorney D'Ambrosio indicated to the Court that he "stood firmly admonished." Attorney D'Ambrosio has appeared before the undersigned on

several occasions during the last two or so years and has generally been prompt, prepared and professional. Thus, this Court concludes that Attorney D'Ambrosio's failure to register and related inattentiveness is not a sufficient basis by itself to deny his application for reinstatement and effectively disbar him from practicing in this Court.

## Conclusion

For the foregoing reasons, I recommend that Attorney D'Ambrosio be readmitted to the bar of this Court. An approval/disapproval page is attached for the Court's use.

LINCOLN D. ALMOND
United States Magistrate Judge
December 6, 2006

✓ Approved
___ Disapproved

_____
Mary M. Lisi
Chief United States District Judge
Date: 12/08/06


✓ Approved
___ Disapproved

_____
William E. Smith
United States District Judge
Date: 1/3/07